**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KEITH BOND, : | |
| : | Civil Action No. 16-4027(RMB) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| MARK KIRBY, WARDEN, : | |
| : | |
| Respondent. : | |

This matter comes before the Court on Petitioner Keith Bond's petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the D.C. Parole Commission's decision that Petitioner's programming achievement award did not merit a change in his parole date. (ECF No. 1.) Petitioner also filed a motion to expedite, which this Court dismisses as moot. (ECF No. 7.) On August 23, 2016, Respondent filed an answer to the petition, opposing habeas relief. (ECF No. 4.) Petitioner filed a reply on September 9, 2016. (ECF No. 5.) For the reasons discussed below, the Court will grant the habeas petition and order a rehearing.

I.  Factual Background and Procedural History

Petitioner is an inmate at FCI Fairton. (Pet., ECF No. 1, ¶2.) On May 2, 2002, he was sentenced in the District of

Columbia Superior Court to life imprisonment, with a minimum term of fifteen years, for second degree murder while armed, possession of a firearm during a crime of violence, carrying a pistol without a license, and obstruction of justice, in violation of D.C. Code. (Declaration of Sharon Gervasoni ("Gervasoni Decl."), Ex. 1, ECF No. 4-1 at 3.) Petitioner became parole eligible on July 12, 2015. (Id.)

On October 9, 2014, the U.S. Parole Commission ("the Commission") conducted an initial parole hearing for Petitioner. (Gervasoni Decl., Ex. 2, ECF No. 4-1 at 6.) The hearing examiner recommended that the guideline range be reduced by twenty-four (24) months for superior program achievement under 28 C.F.R. § 2.60, which lowered the applicable guideline range to 210-232 months. (Id. at 8-9.) Further, the hearing examiner recommended that Petitioner be denied parole and that a rehearing be scheduled in February 2018, after Petitioner served 211 months of his guideline range. (Id.)

However, a reviewing examiner found that the hearing examiner, in her calculation of credit for superior program achievement, had incorrectly referenced Section 2.60, which only applies to United States Code prisoners and parolees. (Gervasoni Decl., Ex. 2, ECF No. 4-1 at 9.) The reviewing examiner determined that an award of 24 months was also merited under § 2.80, representing one-third of the six years prior to the

initial parole hearing where petitioner had demonstrated superior program achievement. (Id. at 9-10.) On November 5, 2014, the Commission ordered that parole was denied, and scheduled a reconsideration hearing for January 2018, after Petitioner served the base amount of his guideline range. (Gervasoni Decl., Ex. 3, ECF No. 4-1 at 16.)

Petitioner contends that he should have received a superior programming achievement award of one-third his total time in custody, increasing his award from 24 months to 57 months. (Pet., ECF No. 1-3 at 2.) Petitioner argues that the hearing examiner's award for superior programming achievement under Section 2.60 demonstrates that she found Petitioner had superior programming achievement for 162 of his 171 months of confinement, not the six years found by the reviewing examiner. (Id. at 9.)

Respondent submits that the Petition is without merit because Petitioner seeks to challenge the merits of the Commission's parole decision, which is unreviewable. (Answer, ECF No. 4 at 11.) To the extent that Petitioner challenges the process by which the Commission determined the award for superior programming, Respondent maintains that the decision has a rational basis in the record and was not arbitrary and capricious, and the petition should be denied. (Id. at 11-12.) Specifically, Respondent contends that the record supports the

3

conclusion that a substantial amount of Petitioner's programming occurred in the six years prior to his initial parole hearing, for which he was granted credit. (Id. at 12.) Petitioner was incarcerated for the offenses at issue here for fourteen years, two months and twelve days as of September 23, 2014. (Gervasoni Decl., Ex. 2, ECF No. 4-1 at 4.)

In reply, Petitioner cites Williams v. Francis, Civ. Action No. 2:07CV72, 2009 WL 539949 (W.D. Va. Mar. 4, 2009) where the District Court remanded because the Commission failed to presume that the total number of months of superior program achievement under § 2.80(k) is based on the total number of months from the beginning of confinement.

II. DISCUSSION

In this case, Petitioner challenges the process by which the Commission determined his award for superior programming achievement. "[A] court's role in reviewing decisions by the Parole Commission on an application for a writ of habeas corpus is limited." Furnari v. Warden, 218 F.3d 250, 254 (3d Cir. 2000). "[T]he inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons." Id. (quoting Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976)). The court "should consider whether the Commission 'has followed criteria appropriate, rational and consistent' with its enabling statutes so that its 'decision is

4

not arbitrary and capricious, nor based on impermissible considerations.'" Id. (quoting Zannino, 531 F.2d at 690). For the reasons discussed below, the determination of Petitioner's superior programming achievement lacked a rational basis.

The process for parole of D.C. Code offenders is described in 28 C.F.R. § 2.80. "In determining whether an eligible prisoner should be paroled, the Commission shall apply the guidelines set forth in this section." § 2.80(b). Calculation of an award for superior program achievement is governed by 28 C.F.R. § 2.80(k), which provides:

> (k) Guidelines for superior program achievement. If superior program achievement is found, the award for superior program achievement shall be one-third of the number of months during which the prisoner demonstrated superior program achievement. The award is determined on the basis of all time in confinement on the current offense in the case of an initial hearing, and on the basis of time in confinement since the last hearing in the case of a rehearing. If superior program achievement is not found, this step is not applicable.

> Note: When superior program achievement is found, it is presumed that the award will be based on the total number of months since the beginning of confinement on the current offense in the case of an initial hearing, or since the last hearing in the case of a rehearing. Where, however, the Commission determines that the prisoner did not have superior program achievement during the entire period, it may base its decision solely on the number of months during which

5

the prisoner had superior program achievement.

In arriving at a 24 month award, the hearing examiner incorrectly applied § 2.60, which governs only U.S. Code Prisoners and Parolees. 28 C.F.R. § 2.60 provides, in relevant part:

> (a) Prisoners who demonstrate superior program achievement (in addition to a good conduct record) may be considered for a limited advancement of the presumptive date previously set according to the schedule below. Such reduction will normally be considered at an interim hearing or pre-release review. It is to be stressed that a clear conduct record is expected; this reduction applies only to cases with documented sustained superior program achievement over a period of 9 months or more in custody.
>
> (b) Superior program achievement may be demonstrated in areas such as educational, vocational, industry, or counselling programs, and is to be considered in light of the specifics of each case. A report from the Bureau of Prisons based upon successful completion of a residential substance abuse program of at least 500 hours will be given prompt review by the Commission for a possible advancement under this section.
>
> (c) Upon a finding of superior program achievement, a previously set presumptive date may be advanced. The normal maximum advancement permissible for superior program achievement during the prisoner's entire term shall be as set forth in the following schedule. It is the intent of the Commission that this maximum be exceeded only in the most clearly exceptional cases.

(d) Partial advancements may be given (for example, a case with superior program achievement during only part of the term or a case with both superior program achievement and minor disciplinary infraction(s)). Advancements may be given at different times; however, the limits set forth in the following schedule shall apply to the total combined advancement.

(e) Schedule of Permissible Reductions for Superior Program Achievement.

| Total months required by original presumptive date | Permissible reduction |
|---|---|
| 14 months or less | Not applicable. |
| 15 to 22 months | Up to 1 month. |
| 23 to 30 months | Up to 2 months. |
| 31 to 36 months | Up to 3 months. |
| 37 to 42 months | Up to 4 months. |
| 43 to 48 months | Up to 5 months. |
| 49 to 54 months | Up to 6 months. |
| 55 to 60 months | Up to 7 months. |
| 61 to 66 months | Up to 8 months. |
| 67 to 72 months | Up to 9 months. |
| 73 to 78 months | Up to 10 months. |
| 79 to 84 months | Up to 11 months. |
| 85 to 90 months | Up to 12 months. |
| 91 plus months | Up to 13 months.[1] |

Not only did the hearing examiner apply the incorrect regulation, she made a mistake in applying that regulation. The hearing examiner explained:

> VI. Other Information to Consider: During his confinement the offender has programmed in an exceptional manner, as evidenced by his completing numerous academic and vocational programs. Chief among his program achievements are his completion of

---
[1] Plus up to 1 additional month for each 6 months or fraction thereof, by which the original presumptive date exceeds 96 months.

7

> the CODE program, obtaining his GED, the
> Non-Residential Drug Program, the 4,978 hour
> Upholstery Course, the 100-hour Pest
> Management Course, and the 150-hour HVAC
> Course. The offender is also currently
> enrolled in the Challenge Program and has
> completed numerous college correspondence
> courses. For a full list of the subject's
> accomplishments please refer to the
> prehearing assessment. The guidelines for
> superior program achievement outlined in
> 2.60 suggests that 13 months be awarded to
> the offender for his sustained program
> achievement. The guidelines also provide
> that the recommended enhancement may be
> exceeded in exceptional cases. The offender
> obtaining his GED completing over 5,000
> hours of vocational training, and the
> completion of his CODE program, make him
> suitable for a greater advancement.
> Therefore, this hearing examiner will be
> recommending an award of 24 months.

(Gervasoni Decl., Ex. 2, ECF No. 4-1 at 8-9.)

The hearing examiner concluded that thirteen months was the maximum award Petitioner could receive, but this was incorrect because footnote 1 of § 2.60 permits an award of up to 1 additional month for each 6 months or fraction thereof, by which the original date exceeds 96 months. Petitioner's original presumptive date, a minimum of 234 months, exceeded 96 months by 138 months. Therefore, Petitioner was eligible for an additional 23 months credit under 2.60, which, if added to the 13 months awarded for the first 91 months of the sentence, would result in a maximum of 36 months credit.

This award is not consistent with the hearing examiner's explanation of why she was awarding in excess of the guideline under § 2.60. The hearing examiner simply miscalculated the award, applying the incorrect regulation.

The correct regulation for calculating Petitioner's achievement award, as a D.C. Code offender, permits a credit of one third of time served, with a presumption that the superior programming achievement is applied to the total number of months since the beginning of confinement on the current offense. Rather than strictly applying the correct formula, the reviewing examiner rationalized reaching the same result as the hearing examiner, a 24-month award, by assuming that the hearing examiner only intended to credit Petitioner for six years of achievement. This determination was not rational for several reasons.

First, as discussed above, the hearing examiner's intent cannot be determined based on her award of 24 months because she miscalculated under § 2.60. Thirteen months was not the maximum award available to Petitioner, whose minimum presumptive sentence was 234 months, not 91 months. In fact, Petitioner was eligible for a maximum of 36 months credit under section 2.60, and this would not take into account what the hearing examiner described as exceptional achievement, which permits a greater award under § 2.60.

Second, comparing § 2.60 and § 2.80 is not comparing apples to apples. Section 2.60 calculates the time awarded based on the total original presumptive sentence. Section 2.80 calculates the award based on the time served since the beginning of confinement on the current offense.

Third, and most importantly, the record does not support the hearing examiner's conclusion that Petitioner only achieved superior programming for six of the years he served on his sentence. Petitioner's programming reflects consistent participation and performance over the entire course of the service of his sentence. Awarding credit for a period of only six months is inconsistent with the hearing examiner's finding of exceptional achievement as evidenced by petitioner obtaining his GED, completing over 5,000 hours of vocational training, and completion of the CODE program. Petitioner made these achievements over the course of July 1, 2002, the first entry for his GED program, through April 28, 2014, the start date of his last educational course. (ECF No. 4-1 at 21-23.) For these reasons, the Court can find no rational basis for the Commission's superior programming achievement award of 24 months, by application of 8 C.F.R. § 2.80(k).

III. CONCLUSION

"In the absence of unusual circumstances," remand for a new hearing is the appropriate habeas remedy when a petitioner

10

challenges a Parole Commission decision.  Gambino v. Morris, 134 F.3d 156, 165 (3d Cir. 1998).  Therefore, for the reasons discussed above, the Court will grant the habeas petition and order the Commission to hold a rehearing of Petitioner's initial parole hearing, within 21 days of the date of this Order.


Dated: April 10, 2017                    s/Renée Marie Bumb
                                         RENÉE MARIE BUMB
                                         United States District Judge